# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| Chae Chong, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| v. | )   Civil Action Number |
| | )   99-3230-CV-S-JTM |
| Roscoe Parker, et al., | ) |
| | ) |
|        Defendants. | ) |

## ORDER

On June 23, 1999, plaintiff Chae Kon Chong ("Chong") filed an action against defendants Roscoe Parker, Rick Parker and Wood and Huston Bank (collectively referred to as "Parker"). Chong's claims arose from the sale by Parker of a rebuilt car to Chong. In his lawsuit, Chong alleged that (1) Parker failed to disclose the fact that the car had previously been wrecked, and (2) Parker affirmatively misrepresented that the car had never been wrecked. Chong brought the action based on common law fraud (a claim later abandoned by Chong), violation of the Missouri Merchandising Practices Act, Mo. Rev. Stat. §§ 407.010, *et seq.* ("MMPA"), and violation of the federal Odometer Act, 49 U.S.C. § 32705.

In July of 2002, the case was tried to a jury. The jury returned a verdict in favor of Parker on the Odometer Act claim, but deadlocked on the MMPA claim. Subsequently, a second trial was held. In that second trial, a jury returned a verdict of $2,000 in favor of Chong on the

MMPA claim. Thereafter, the Court awarded attorneys fees to Chong as a "prevailing party" under the language of MMPA, MO. REV. STAT.§ 407.025.

Subsequently, Chong appealed to the Eighth Circuit arguing that the Court should have submitted the issue of punitive damages under the MMPA to the jury. On March 9, 2004, the Eighth Circuit reversed the Court's prior ruling regarding the submissibility of punitive damages and remanded that issue for a further trial solely on the issue of punitive damages. *Chong v. Parker*, 361 F.3d 455, 460 (8th Cir. 2004). On October 6, 2004, a third jury returned a verdict in favor of Parker on the claim for punitive damages.

Presently pending before the Court is Parker's motion for attorneys fees [Docs. 219, 223] and motion for allowance of costs [Doc. 220]. The crux of all of the motions is Parker's claim that, having successfully avoided punitive damages, he is now a prevailing party. The motions are denied. While Parker did successfully avoid an imposition of punitive damages, he is not the prevailing party under the MMPA. In the second trial, a jury unambiguously concluded that Parker had violated the MMPA. Parker did not appeal that judgment, which is now a final judgment and the established law of the case. It would utterly subvert the intent of awarding attorneys fees in a consumer protection law like the MMPA to permit an established violator of the statute to collect attorneys fees merely because their conduct did not rise to the level of egregiousness sufficient to convince a jury to award punitive damages.[1]

---

[1] In the alternative, if Parker is correct that he can be considered the "prevailing party" under these facts, then the Court in its discretion denies any award of attorneys fees to Parker. *See* MO. REV. STAT.§ 407.025 ("The court may, in its discretion, award punitive damages and may award to the prevailing party attorney's fees. . . .").

2

Case 6:99-cv-03230-JTM   Document 231   Filed 12/09/05   Page 2 of 3

For the foregoing reasons, it is

**ORDERED** that the Defendant's Motion for Attorneys Fees Pursuant to Rule 54(d) [Doc. 219], Defendant's Renewed Application for Allowance of Costs [Doc. 220], Defendants' Motions for Attorneys Fees Pursuant to Rule 54(d) Against Sunhee Chong [Doc. 223] are **DENIED**.

Also pending before the Court is Plaintiff's Supplemental Motion for Attorneys Fees [Doc. 221]. Following the second trial wherein Chong prevailed on his MMPA claim, the Court entered an award of attorneys fees in the amount of $5,930.00. Chong now seeks an additional $52,870.00 in fees. According to Chong his prior request for attorneys fees was made under the mistaken belief that his fees were limited by a prior offer of judgment. Upon consideration of the parties' arguments and bearing in mind the ultimate outcome in this case, the Court exercises its discretion under the MMPA and determines that it will award no further attorneys fees to Chong in this case. Accordingly, it is further

**ORDERED** that Plaintiff's Supplemental Motion for Attorneys Fees [Doc. 221] is **DENIED**.

                                            */s/ John T. Maughmer*
                                              **John T. Maughmer**
                                    **Chief United States Magistrate Judge**